People of Puerto Rico, Plaintiff and Appellee, v. Eduardo Bocanegra López, Defendant and Appellant.

No. 6763. Argued November 10, 1937.—Decided November 30, 1937.

Rafael S. Vidal for appellant; R. A. Gómez, Prosecuting Attorney, and Luis Janer, Assistant Prosecuting Attorney, for appelle.

Mr. Justice Wolf delivered the opinion of the Court.

The complaint in this case reads as follows:

"I, José R. Torres, L.C.P.I. #489, resident of Humacao, Comercio Street number 18, of age, hereby formulate this complaint against Eduardo Bocanegra López and Ana María Merced Delgado, for the offense of aggravated assault and battery committed in the following manner: That on the 5th of April, 1936, at 5:15 P. M., and on Noya y Hernández Street, corner of José Lois of Humacao, of the Municipal Judicial District of Humacao, P. R., which forms part of the Judicial District of Humacao, P. R., the aforementioned defendants Eduardo Bocanegra López and Ana María Merced Delgado, then and there, wilfully, maliciously and illegally, with the criminal intention of inflicting violent harm upon the person of another, with the purpose of causing bodily injury, attacked and assaulted the subscribing witness, the first of them, with his fists and a club, and the second one with her fist, thereby Bocanegra inflicting upon the complaining witness a wound in the forehead from the club and other bruises in different parts of the body, and the woman firmly holding the complainant, tearing the buttons from his blouse, and striking him with her fists, thereby causing other bruises to his body, for which he was attended at the Clínica Oriente of Humacao by Dr. César Domínguez.

"The aggravating circumstances alleged in this complaint consist in the fact that the defendants committed the offense charged on the person of the complaining witness, who is an officer of the law (Lance Corporal of the Insular Police) who was then and there in full uniform and exhibiting his insignia as such officer, and in the exercise of the duties of his employment. . ."

In the Municipal Court of Humacao the defendant was convicted and sentenced to an imprisonment of six months in jail. He appealed to the District Court of Humacao. When the case was called the defendant confessed himself guilty and the court thereafter sentenced him to jail for two years, the limit of the law. The defendant appealed to this Court and solely assigns as error the excessiveness of the judgment.

The offense was relatively severe, but the aggravation in itself consisted in having assaulted an officer. No further

facts were shown in aggravation of the offense, nor none in mitigation, as permissible under Section 320 of the Code of Criminal Procedure. Therefore, as indicated by the case of *People* v. *Laureano,* 34 P.R.R. 203, the court might have taken a middle course (*temperamento medio*). *People* v. *Liceaga,* 36 P.R.R. 403, may also be consulted. *People* v. *Peña,* 50 P.R.R. 822, and *People* v. *Colón,* 51 P.R.R. ____, do not change the doctrine. We quite agree that the District Court was not bound by the judgment of the Municipal Court, but in fixing the punishment the former might have taken into consideration the action of the Municipal Court.

We feel bound to hold that the punishment was excessive.

The judgment should be modified so as to fix a sentence of one year and as modified, affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.